Robert Gerald STEVENSON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 27, 1969.

———————

Robert G. Stevenson, pro se, John C. Ryan, Frankfort, for appellant.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

OSBORNE, Judge.

Appellant, Robert Gerald Stevenson, was convicted under KRS 432.390(2) of escaping from a locked cell to another part of the penitentiary. He was given a four-year sentence. This is a direct appeal from the judgment. KRS 432.390(2) provides:

"Any convict confined in a locked cell, dormitory, hospital or other lockup in the penitentiary who escapes therefrom to another part of the penitentiary, or aids another convict in doing so, shall be confined in the penitentiary for not less than one nor more than six years, to commence after he has served out the sentence for which he was originally confined."

The evidence discloses that appellant was confined in the #3 cell block of the reformatory, which is on the first floor of the administration building. He, in company with another prisoner broke from this cell block and was later found in the exercise yard. He testified himself that around 3 a. m., which is the last time the cells are ordinarily checked before breakfast, he and his cell mate kicked out the bars on each end of his cell window and went over the roof to the "bull pen" to get some exercise and defy the rules. According to prison officials, appellant had been in this cell for 10 to 14 days prior to the escape. They were discovered missing at approximately 5 a. m. and about 6:15 a. m. were discovered concealed under a blanket in the exercise yard. Investigation revealed that the bars had been kicked out.

Upon this appeal, appellant contends that he can not be convicted as he was not actually seen escaping nor observed going out the cell window. There are two fallacies in this contention. First, escape, as any other crime, can be proved by circumstantial evidence and the circumstances here point inescapably to guilt. Secondly,

appellant in his testimony admits to all the necessary elements of the crime.

Appellant's other contentions concern the instructions and the closing argument. We have examined the instructions and find them proper. We do not consider the closing argument to be prejudicial.

The judgment is affirmed.

All concur.